IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| P. THOMAS FEESER | : | BANKRUPTCY NO.: 5-09-bk-06763-JJT |
| MARILYN A. FEESER, | : | |
| | : | |
| DEBTORS | : | |
| | : | |
| | : | |
| WILLIAM G. SCHWAB, TRUSTEE for | : | {**Nature of Proceeding**: Defendant's |
| the Estate of Marilyn A. Feeser | : | Motion for Judgment on the Pleadings |
| | : | Under Fed.R.Bankr.P. 7012(b)(Doc. #16)} |
| PLAINTIFF | : | |
| | : | |
| vs. | : | |
| | : | |
| UNION BANK AND TRUST COMPANY, | : | |
| | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-11-ap-00185-JJT** |

# <u>OPINION</u>

William G. Schwab, the Trustee, has filed a four count Complaint against Union Bank and Trust Company, the mortgagee of the Debtor's property, alleging that the female Debtor, Marilyn A. Feeser, was incompetent when the mortgage was signed, and the mortgage was signed at the behest of the Defendant/Bank's officer, who also was the Debtor's CPA. An accounting is requested as well as a turnover of funds obtained pursuant to the contract. The Plaintiff further requests equitable subordination under 11 U.S.C. § 510(c).

The Defendant/Bank has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), as incorporated by Federal Rule of Bankruptcy Procedure 7012(b), arguing that the Bankruptcy Code section relied on by the Trustee, i.e., § 544, cannot support the Trustee's causes of action. A motion for judgment on the pleadings is based on the nonmovant's

[K:\Cathy\Opinions-Orders filed 2011\5-11-ap-00185-JJT_Feeser.pdf]

failure to state a claim. 2 *Moore's Federal Practice*, § 12.38 at page 12-139 (Matthew Bender 3d ed.).

The basic allegation by the Trustee is that the Debtor should not be bound by a mortgage signed while she was incompetent. Under Pennsylvania law, contracts executed while incompetent may be voidable. *Der Hagopian v. Eskandarian*, 396 Pa. 401, 404, 153 A.2d 897, 899 (1959), *cert. denied*, 361 U.S. 938, 80 S.Ct. 381, 4 L.Ed.2d 358 (1960). If the Debtor would have the right to void such a contract, then so too would the Trustee, since the Trustee stands in the Debtor's shoes. *In re Gebco Inv. Corp.*, 641 F.2d 143, 146 (3d Cir.1981). This would be true regardless of whether 11 U.S.C. § 544 is implicated. This is the major bone of contention with regard to the Defendant's Motion for Judgment on the Pleadings – that the Trustee cannot utilize § 544 as a basis to void the Debtor's signature. I find that even if such a conclusion was warranted, it does not take away from the Trustee's cause of action should the facts be as alleged. Voidability under Counts I and II would still be viable as would equitable subordination under Count IV, pursuant to 11 U.S.C. § 510(c). The remaining count of the Complaint, Count III seeking an accounting and turnover, while not consented to, does not appear to be challenged by virtue of this Motion.

My Order will follow.

By the Court,

_____

John J. Thomas, Bankruptcy Judge

(CMS)

Date: September 14, 2011